JUDGE B. LYNN WINMILL

Theresa L. Keyes, ISB # 6350
K&L GATES LLP
618 West Riverside Avenue, Suite 300
Spokane, WA 99201-0602
Telephone: (509) 624-2100
Facsimile: (509) 456-0146
Email:  theresa.keyes@klgates.com

Attorneys for Plaintiff
Vista Engineering Technologies, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VISTA ENGINEERING TECHNOLOGIES, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER TECHNOLOGY, INC., an Idaho corporation,<br><br>Defendant. | No. 4:09-CV-00008-BLW<br><br>PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS |

Plaintiff, Vista Engineering Technologies, LLC ("Vista"), by and through

its attorneys, K&L Gates LLP, hereby answers Defendant, Premier Technology,

Inc.'s ("Premier") Counterclaims as follows:

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 1

## GENERAL ALLEGATIONS

1.      Admitted.

2.      Admitted.

3.      The allegations in paragraph 3 merely state that Premier and Vista are collectively referred to as the "Parties" and require no separate answer from Vista.  Premier and Vista are also collectively referred to herein as the "Parties."

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.  Vista adds that Premier also agreed to and executed Purchase Order No. 63031 ("Purchase Order") on or about October 16, 2006.

9.      Admitted.  Vista adds that Premier also agreed to and executed Revision Nos. 1 through 14 to the Purchase Order, dated from November 3, 2006 to March 20, 2008.

10.      Denied.

11.      Vista admits that Premier gave Vista notice of cancellation of the Contract by letters dated June 11 and 12, 2008, which letters speak for

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 2

themselves, and on that basis, Vista denies the remainder of the allegations in paragraph 11.

## FIRST CAUSE OF ACTION
### Material Breach of Contract

12.    The allegations in paragraph 12 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-11 of this Answer.

13.    Admitted.

14.    Denied.

15.    Denied.

16.    Denied.

## SECOND CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

17.    The allegations in paragraph 17 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-16 of this Answer.

18.    The allegation in paragraph 18 is a conclusion of law for which no separate answer is required from Vista and, therefore, none is made.

19.    Denied.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 3

20.     Denied.

## THIRD CAUSE OF ACTION
## Unjust Enrichment

21.     The allegations in paragraph 21 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-20 of this Answer.

22.     Vista admits that Premier has made certain insufficient payments in an amount of $672,018.00 for Vista's engineering services provided to Premier, which goods and services Premier has accepted and retained, but Vista denies the remainder of the allegations in paragraph 22.

23.     Denied.

## FOURTH CAUSE OF ACTION
## Loss of Reputation/Loss of Business Opportunity

24.     The allegations in paragraph 24 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-23 of this Answer.

25.     Denied.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 4

## FIFTH CAUSE OF ACTION
### Breach of Express Warranty

26.   The allegations in paragraph 26 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-25 of this Answer.

27.   Vista responds that the Standard Purchase Order Terms and Conditions attached as Exhibit A to Vista's Complaint speaks for itself and, on that basis, denies the allegations in paragraph 27.

28.   Denied.

29.   Denied.

## SIXTH CAUSE OF ACTION
### Breach of Warranty of Fitness for a Particular Purpose

30.   The allegations in paragraph 30 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-29 of this Answer.

31.   Vista responds that the Standard Purchase Order Terms and Conditions attached as Exhibit A to Vista's Complaint speaks for itself and, on that basis, denies the allegations in paragraph 31.

32.   Denied.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 5

33.   Denied.

## SEVENTH CAUSE OF ACTION
### Breach of Express Warranty of Merchantability

34.   The allegations in paragraph 34 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-33 of this Answer.

35.   Vista responds that the Standard Purchase Order Terms and Conditions attached as Exhibit A to Vista's Complaint speaks for itself, and on that basis, denies the allegations in paragraph 35.

36.   Denied.

37.   Denied.

## EIGHTH CAUSE OF ACTION
### Indemnification

38.   The allegations in paragraph 38 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-37 of this Answer.

39.   Vista responds that the Standard Purchase Order Terms and Conditions attached as Exhibit A to Vista's Complaint speaks for itself, and on that basis, denies the allegations in paragraph 39.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 6

40.     Denied.

41.     Denied.

## NINTH CAUSE OF ACTION DAMAGES

### Specific Damages

42.     The allegations in paragraph 42 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-41 of this Answer.

43.     Denied.

### Additional Cost Required for Vista Replacement

44.     The allegations in paragraph 44 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-43 of this Answer.

45.     Denied.

46.     Denied.

### Costs of Project Management Time

47.     The allegations in paragraph 47 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1- 46 of this Answer.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 7

48.    Vista is without sufficient information to admit or deny the allegations in paragraph 48, and on that basis, denies the allegations in paragraph 48.

49.    Denied.

**Costs of Engineering Time**

50.    The allegations in paragraph 50 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1- 49 of this Answer.

51.    Denied.

52.    Denied.

**Costs of Contract Administration Time**

53.    The allegations in paragraph 53 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-52 of this Answer.

54.    Denied.

55.    Denied.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 8

**Cost of External Analytical Business Support Audit of Vista**

56.     The allegations in paragraph 56 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-55 of this Answer.

57.     Vista denies that it agreed to or executed any "Purchase Order 60331." On the belief that this allegation contains a typographical error and is intended to refer to Purchase Order 63031, Vista responds that Purchase Order 63031 attached as Exhibit A to Vista's Complaint speaks for itself, and on that basis, denies the allegations in paragraph 57.

58.     Denied.

**Cost of External Accounting Audit of Vista Invoices 32, 33, 34, and 35**

59.     The allegations in paragraph 59 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-58 of this Answer.

60.     Vista admits that Premier made a request to Vista to allow an independent auditor to conduct an audit of Vista's records concerning the Contract and that the audit took place at Vista's offices on May 13 and 14, 2008. Vista adds that, despite repeated requests, Premier has refused to provide Vista a

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 9

copy of the independent auditor's report.   Vista denies the remainder of the allegations in paragraph 60.

61.   Denied.

**Attorney Fees Incurred as a Result of Vista's Failure to Justify Static Analysis**

62.   The allegations in paragraph 62 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-61 of this Answer.

63.   Vista admits that, during the course of the project, Premier's customer requested dynamic analysis, but adds that Vista was not obligated to perform dynamic analysis.   Vista denies the remainder of the allegations in paragraph 63.

**Second Trip to Denver, CO, because Vista would not PE Stamp their Calculation**

64.   The allegations in paragraph 64 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-63 of this Answer.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 10

65.    Vista admits that it was directed by Premier to attend a meeting in Denver on a time and materials basis, but denies the remainder of the allegations contained in paragraph 65.

66.    Vista admits that it was directed by Premier to attend a meeting in Denver on a time and materials basis, but denies the remainder of the allegations contained in paragraph 66.

67.    Denied.

**Overtime Charges Due to Schedule Impact on Annular Tank Project 6314**

68.    The allegations in paragraph 68 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-67 of this Answer.

69.    Denied.

70.    Denied.

PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS - 11

K:\0309288\00003\17052_PSM\17052P207H

**Overtime Charges Due to Schedule Impact on Slab Tank Project 6315**

71.   The allegations in paragraph 71 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-70 of this Answer.

72.   Denied.

73.   Denied.

**Un-absorbed Overhead Related to Lack of Vista Performance**

74.   The allegations in paragraph 74 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-73 of this Answer.

75.   Denied.

**Material Escalation Cost Due to Lack of Vista Performance**

76.   The allegations in paragraph 75 require no separate answer from Vista, but Vista incorporates by reference its allegations contained in paragraphs 1-75 of this Answer.

77.   Denied.

78.   Denied.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 12

## AFFIRMATIVE AND OTHER DEFENSES

Vista hereby asserts the following affirmative and other defenses to Premier's counterclaims.  By asserting these defenses, Vista does not admit that it has the burden of proving any of the allegations or denials in these defenses.

### I.   FIRST DEFENSE
### Waiver

Premier's counterclaims are barred by the doctrine of waiver.

### II.   SECOND DEFENSE
### Material Breach of Contract

Premier's counterclaims are barred because it materially breached the Parties' Contract.

### III.   THIRD DEFENSE
### Estoppel

Premier's counterclaims are barred by the doctrines of estoppel and quasi-estoppel.

### IV.   FOURTH DEFENSE
### Failure to Mitigate Damages

Premier's counterclaims are barred because Premier failed to mitigate its damages, if any, and to protect itself from avoidable consequences.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 13

K:\0309288\00003\17052_PSM\17052P207H

## V.     FIFTH DEFENSE
### Failure to State a Claim

Premier's counterclaims fail to state a claim upon which relief can be granted.

## VI.    SIXTH DEFENSE
### Fault of Others

Premier's counterclaims are barred because Premier's injuries and damages, if any, were proximately caused, in whole or in part, by the fault of Premier and/or others, and not Vista.

## VII.   SEVENTH DEFENSE
### Laches

Premier's counterclaims are barred by the doctrine of laches.

## VIII.  EIGHTH DEFENSE
### Unclean Hands

Premier's counterclaims are barred by the doctrine of unclean hands.

## IX.    NINTH DEFENSE
### Parol Evidence

Premier's counterclaims are barred because they are based on alleged terms and conditions that are barred by the parol evidence rule.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 14

## X.    TENTH DEFENSE
### Consequential Damages

Premier's counterclaims are barred on the grounds that the damages sought by Premier are consequential damages that were not reasonably foreseeable and were not contemplated at the time of contracting.

## XI.    ELEVENTH DEFENSE
### Adequate Performance

Premier's counterclaims are barred because Vista adequately, substantially, and satisfactorily performed its obligations under the Parties' Contract, and Premier accepted Vista's performance under the Contract.

## XII.    TWELFTH DEFENSE
### Prevention of Performance

Premier's counterclaims are barred because Premier unreasonably prevented and/or substantially hindered Vista's performance of the Parties' Contract.

## XIII.    THIRTEENTH DEFENSE
### Other Defenses

a.    Premier's counterclaims are barred by the statute of frauds.

b.    Premier's counterclaims are barred because of a failure of consideration.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 15

c.     Premier's counterclaims are barred because of accord and satisfaction.

d.     Vista believes that discovery in this case may reveal certain other defenses to Premier's counterclaims.   Vista, therefore, reserves the right to amend and supplement its Answer to Premier's counterclaims and add additional defenses.

## PRAYER FOR RELIEF

Vista denies that Premier is entitled to any relief in this matter.

WHEREFORE, having answered Premier's counterclaims, Vista prays for the following relief:

1.     For dismissal of Premier's counterclaims with prejudice and without costs, and that Premier take nothing thereby.

2.     That Vista be awarded its costs and expenses, including reasonable attorneys' fees, in opposing Premier's counterclaims.

3.     For judgment on Vista's claims awarding damages in an amount to be proved at trial, including:

(1)     Payment of Invoice No. 32, after credit on Invoice No. 43, in the amount of $303,445.19;

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 16

(2)    Payment of Invoice No. 33, after credit on Invoice No. 44, in the amount of $129,073.86;

(3)    Payment of Invoice No. 34, after credit on Invoice No. 45, in the amount of $193,432.80;

(4)    Payment of Invoice No. 35, after credit on Invoice No. 46, in the amount of $823,571.49; and

(5)    Payment of interest on unpaid and delinquent payments of Invoice Nos. 18 through 35, at the rate of 12.0% per annum to January 9, 2009, in the amount of $87,253.18.

4.    Attorney fees and costs as allowed by Idaho Code §12-120(3).

5.    An award of pre-judgment interest at the maximum rate permitted by law pursuant to Idaho Code §28-22-104 for the money due on the Parties' express contract.

6.    An award of post-judgment interest at the maximum rate permitted by law pursuant to Idaho Code §28-22-104.

7.    For such further relief as this Court may deem appropriate, just, lawful, and equitable.

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 17

DATED this 18th day of February, 2009.

s/  Theresa L. Keyes
ISB # 6350
Attorneys for Plaintiff
Vista Engineering Technologies, LLC

K&L Gates LLP
618 West Riverside Avenue, Suite 300
Spokane, WA 99201-0602
Telephone: (509) 624-2100
Facsimile: (509) 456-0146
Email:  theresa.keyes@klgates.com

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 18
K:\0309288\00003\17052_PSM\17052P207H

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2009, I electronically filed the foregoing PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Blake G. Hall - bghall@anhs.net

Also, I hereby certify that I have served this document to the non-CM/ECF participants as follows and in the manner indicated: N/A

EXECUTED this 18th day of February, 2009, at Spokane, Washington.

s/  Theresa L. Keyes
ISB # 6350
Attorneys for Plaintiff
Vista Engineering Technologies, LLC

K&L Gates LLP
618 West Riverside Avenue, Suite 300
Spokane, WA 99201-0602
Telephone: (509) 624-2100
Facsimile: (509) 456-0146
Email:  theresa.keyes@klgates.com

PLAINTIFF'S ANSWER TO
DEFENDANT'S
COUNTERCLAIMS  - 19

K:\0309288\00003\17052_PSM\17052P207H