IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VISTA ENGINEERING TECHNOLOGIES, LLC, a California corporation, | Case No. CV-09-00008-E-BLW |
| Plaintiff/Counterdefendant, | MEMORANDUM DECISION AND ORDER |
| v. | |
| PREMIER TECHNOLOGY, INC, an Idaho corporation, | |
| Defendant/Counterclaimant. | |

## INTRODUCTION

The Court has before it the Motion to Strike Defendant's Amended Defenses and Counterclaims filed by Vista (Docket No. 75). The motion is fully briefed and at issue. For the reasons expressed below, the motion to amend is granted in part and denied in part.

## LITIGATION BACKGROUND

This is a breach of contract action by Vista to recover payments allegedly due from Premier for engineering services. Premier denies that it owes Vista any additional payments and has asserted counterclaims arising out of Vista's alleged failure to provide deliverables acceptable to Premier's customer.

On January 20, 2010, the Court granted Vista's motion to amend its original

**Memorandum Decision & Order - 1**

complaint to add punitive damages (Docket No. 64), and Vista filed an Amended

Complaint on January 21, 2010 (Docket No. 66).  Premier filed its Amended

Answer to the Amended Complaint and Counterclaim, on February 4, 2010 (Docket

No. 73), 8 months after the June 4, 2009 deadline set in the case management order

for filing amending pleadings (Docket No. 12).  In its amended pleading, Premier

added five new affirmative defenses, including fault of undisclosed non-parties,

statute of frauds, parol evidence, failure of consideration, and accord and

satisfaction.  In addition, Premier inserted a new allegation in its counterclaim that

"Vista had an implied contractual duty to exercise the standard of care and perform

the work with the required competency of other engineers in their field," and Vista

breached this duty.  *See Counterclaim* at ¶¶ 24 & 25.

## ANALYSIS

Vista complains that Premier impermissibly added in its amended pleading

the five new affirmative defenses and the new theory alleging Vista failed to

perform to the level of other engineers in its field. Vista asks the Court to strike

Premier's amendments because (1) Premier had no right to amend its answer and

counterclaim without first obtaining leave of court; and (2) the amendments are

untimely and prejudicial. Vista argues it did not open the door for Premier to assert

new claims and defenses by amending its complaint to add punitive damages.

Memorandum Decision & Order - 2

Premier responds that Vista's amended complaint changed the scope of the litigation, which permitted Premier "to plead anew as though it were the original complaint filed by the plaintiff." *See Defendant's Response Brief* at 4 (*citing DBSI v. Greensboro*, No. CV 05-051-SLMB, 2006 WL 1275394, *6 (D. Idaho May 9, 2006)).

A defendant may file an amended response without leave "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.,* 2007 WL 1575955, *1 (W.D. Wash. May 29, 2007) (*citing Akzenta Paneele + Profile GmbHv. Unilin Flooring N.C. LLC*, 464 F. Supp.2d 481, 486 (D. Md. 2006). *See also DBSI v. Greensboro*, No. CV 05-051-SLMB, 2006 WL 1275394, *6 (D. Idaho May 9, 2006).[1]   "The obvious corollary is that if an amended complaint does not

---

[1] No federal appellate court has decided this issue.  Other district courts considering the same issue have held that once a plaintiff amends a complaint, the defendant always has a right to amend to bring new defenses or counterclaims, without regard to the scope of the amendments.  *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F.Supp.2d 481, 486 (D.Md. 2006).  This court has chosen not follow this approach.  "If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims  or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause."  *E.E.O.C. v. Morgan Stanley & Co.*, Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002).

**Memorandum Decision & Order - 3**

change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Tralon Corp. v. Cedarapids, Inc.,* 966 F. Supp. 812, 832 (N.D. Iowa 1997).

In this case, Vista's amendment added a prayer for punitive damages related to its original breach of contract claim.  But it did not change the basic theory of its case, or expand the scope of its claims.  *See, e.g., Vendelin v. Costco Wholesale Corp.*, 140 Idaho 416, 426, 95 P.3d 34, 44 (Idaho 2004) ("The amended complaint added a prayer for punitive damages only").  Vista requested compensatory damages at the outset of this case, and it merely seeks to add an additional form of damages following a favorable verdict at trial. Premier "was not forced to respond to an entirely new cause of action or theory of recovery." *Vendelin*, 140 Idaho at 426, 95 P.3d at 44.  Premier therefore was not allowed to amend its answer and counterclaim as a matter of right.  This, however, does not mean that Premier's newly asserted allegations and affirmative defenses necessarily must be stricken.

## 1.    Breach of Contract Allegations

Premier contends that its new allegation that Vista was required to perform under the contract in conformance with industry standards should not be stricken because Premier's original counterclaim provided sufficient notice to Vista. According to Premier, the new allegation merely "adds specificity and clarity" to its

existing claims. *See Defendant's Response* at 11(Docket No. 81).  The Court agrees.

Federal Rule of Civil Procedure 8(a) did not require Premier to recite every term of

the contract Vista allegedly breached in it is original counterclaim.  Rather, a "short

and plain statement of the claim" suffices under the rule. Fed.R.Civ.P. 8(a).  Here,

Premier alleged in its original counterclaim (1) the existence of a contract; (2) its

own performance (3) Vista's breach, and (4) resulting damage to Premier. This is

enough.  *See, e.g., Westways World Travel v. AMR Corp.*, 182 F.Supp.2d 952, 963

(C.D.Cal. 2001) (rejecting defendant's request to dismiss plaintiff's breach of

contract claim because plaintiff failed to allege specific terms of contract).

Vista, however, complains that Premier really asserts a new negligence

claim, which is only masquerading as a breach of contract claim. The Court is not

persuaded by this argument.  Premier alleged in its counterclaim that the contract at

issue here obligated Vista to perform its services skillfully, carefully, diligently, and

in a workmanlike manner. *See Counterclaim* at ¶ 27 (Docket No. 4).  Presumably,

Vista would at least have to meet industry standards to satisfy this obligation. *See*

*also* 17A Am. Jur.2d § 612 (2d.ed. 2010) ("The standard of the skill required [to

perform in a skillful and workmanlike manner] is the degree of skill, efficiency, and

knowledge that is possessed by those of ordinary skill, competency, and standing in

the particular trade or business for which the person is employed.")  Simply because

**Memorandum Decision & Order - 5**

the law of negligence also imposes this duty does not mean Premier's breach of contract claim is really a negligence claim. Premier's allegations do not constitute a new theory of recovery, and justice would not be served by preventing Premier from clarifying its existing breach of contract claim.

**2. "Failure of Consideration" and "Fault of Undisclosed Non-Parties" Defenses.**

Compliance with Rule 8(c)'s pleading requirements also may save Premier's failure of consideration and fault of others defenses. Premier concedes it did not specifically identify "failure of consideration" and "fault of undisclosed non-parties" as affirmative defenses in its answer but contends these defenses "are no different from the allegations Premier made in support of its Original Counterclaim, and therefore, Vista has been on notice of these defenses since early 2009." *See Defendant's Response* at p. 11 (Docket No. 81).

Turning first to the failure of consideration defense, Premier notes this defense requires proof of failure to perform the contract, and its original counterclaim included allegations that Vista failed to provide engineering deliverables acceptable to its customers, as required by the contract – *i.e.* Vista failed to perform the contract. Premier further argues that the original counterclaim also gave Vista notice of its "fault of undisclosed non-parties" defense. In this regard, Premier points to allegations in its original counterclaim, which assert (1) the contract

**Memorandum Decision & Order - 6**

imposed a duty on Vista to satisfy Premier's customer, (2) Premier's customer, right or wrong, did not accept Vista's work product, (3) Premier is therefore absolved Premier of any liability because the fault lies with Premier's customer for not accepting the product. *See Counterclaim* at ¶ ¶ 10, 15, 19, 22, 45 (Docket No. 4).

The Court deems these allegations sufficient to raise the defenses of "failure of consideration" and "fault of undisclosed non-parties."  Federal procedural law directs the Court to liberally construe the pleadings, with the goal of achieving substantial justice. *See* Fed.R.Civ.P. 8(e).  As Justice Black explained: "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.  They should not raise barriers which prevent the achievement of that end." *Maty v. Grasselli Chemical Co.,* 303 U.S. 197, 200 (1938).  While Premier's responsive pleading does not specifically list these defenses, it contains allegations that invoke the same concerns in more general terms.  Nor does it matter that these allegations were made in the context of Premier's counterclaim rather than as a defense because the question here is whether Vista will be taken by surprise by the assertion of these defenses. C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1271 (3d ed).  The

answer to that question is clearly no.[2]

### 3.   "Statute of Frauds" and "Accord and Satisfaction" Defenses

The Court, however, will strike Premier's statute of frauds and accord and

satisfaction defenses.  Premier does not allege it asserted these defenses in its

original answer, or that Vista had notice of them; therefore, leave to amend is

required to assert them now.  But Rule 15's liberal provisions for granting leave to

amend do not govern here, since the Court's scheduling order imposed a deadline

for filing amended pleadings which has long since passed.  Instead, Premier must

now satisfy the more restrictive provisions of Rule 16(b).  This standard "primarily

considers the diligence of the party seeking the amendment," which Premier has not

shown.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.

1992).  Premier waited until 8 months after the deadline to amend pleadings to

assert these defenses, and it fails to provide a legitimate excuse for the delay.

Premier attempts to explain its delay by reverting to its argument that Vista's

amended complaint "expanded the scope of this litigation."  This argument fails for

two reasons.  First, the Court already rejected this contention.  Second, it does not

explain why Premier waited to assert these defenses until Vista timely filed its

amended complaint to add a prayer for punitive damages – neither the statute of

---

[2] In reaching this conclusion, the Court does not comment on the merits of
these defenses.

**Memorandum Decision & Order - 8**

frauds nor accord and satisfaction respond to the new allegations in Vista's amended complaint.  In fact, they are breach of contract defenses, and Vista has alleged a breach of contract claim since the inception of this lawsuit.  Therefore, Premier could have asserted these defenses in the original answer.  At the very least, Premier could have sought to amend its answer by the June 4, 2009 deadline for amendment of pleadings.  Yet, Premier provides no explanation for why it waited. Without providing a justification for this delay, Premier cannot satisfy Rule 16(b)'s "good cause" requirement.

**4.   "Parol Evidence" Defense**

Premier does not object to striking the parol evidence defense, but argues it is not an affirmative defense that must be plead under Rule 8(c).  Vista responds that the parol evidence rule is a rule of substantive law rather than simply a rule of evidence. *See, e.g., Producers Livestock Loan v. Idaho Livestock*, 230 F.2d 892, 894 (9th Cir. 1956).  While the Court does not take issue with Vista's contention that the parol evidence rule is substantive law, it still does not answer the question of whether it is an affirmative defense.

Rule 8(c) does not specifically require that the parol evidence rule be pleaded affirmatively, and Vista does not cite any case, controlling or otherwise, requiring the parol evidence rule be pleaded as an affirmative defense. "But what criteria are

**Memorandum Decision & Order - 9**

available to guide a pleader when there does not appear to be any controlling precedent regarding a particular defense?" C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1271 (3d ed).  Courts often have looked to "policy, fairness, and in some cases probability" to determine which defenses must be plead affirmatively. *Id.*  And they have concluded, both in terms of policy and fairness, that disfavored defenses, such as statute of frauds or statute of limitations, or those that are likely to take the opposite party by surprise, must be plead affirmatively. *Id.* Also, issues of convenience are considered. *Id.*  For example, a particular element of a claim may be within the control of one party, such as payment or nonpayment, and that party must then bear the burden of affirmatively raising the matter.  *Id.*  Finally, as to probability, commentators have suggested the party who claims the unusual occurrence must plead it affirmatively. *Id.*

Applying these same principles to the parol evidence rule, the Court does not find that it is a defense that must be affirmatively plead.  It is not a disfavored defense, or one likely to take the opposite party by surprise.  Nor is it a matter unique to or within the control of one party.  To the contrary, a party asserting a breach of contract claim is just as likely to rely on the parol evidence rule in proving liability as a party defending the same claim.  As to "probability," it certainly does not qualify as an unusual occurrence; in fact, it is likely used in

almost every breach of contract case with a written contract at issue.  The Court will therefore strike this as an affirmative defense, but it will not prevent Premier from raising it at summary judgment or trial if necessary.

**5.   Conclusion**

The Court finds that Premier's allegation in its counterclaim that "Vista had an implied contractual duty to exercise the standard of care and perform the work with the required competency of other engineers in their field" should not be stricken.  In addition, Premier's "failure of consideration" and "fault of undisclosed non-parties" defenses also will be permitted while its "statute of frauds" and "accord and satisfaction" defenses will be stricken for untimeliness.  Parol evidence is not an "affirmative defense."  Therefore, it will be stricken as such, but Premier will be allowed to raise it at trial, as may be necessary.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike (Docket No. 75) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it asks the Court to strike Premier's statute of frauds and accord and satisfaction defenses. It is denied in all other respects. Premier is directed to draft a new answer, deleting those defenses not allowed, for submission to the Clerk of the

Court for filing.

DATED:  **May 27, 2010**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - 12**